IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMIE TRIPLETT, JR., | ) CASE NO. 5:15 CV 133 |
| | ) |
| Petitioner, | ) JUDGE JACK ZOUHARY |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| ERNIE MOORE, Warden, | ) |
| | ) **AMENDED REPORT &** |
| Respondent. | ) **RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Jamie Triplett, Jr., for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Triplett was convicted by a Stark County Court of Common Pleas jury in 2012 of rape, kidnapping, and two counts of assault.[3] He is serving 10 years for the one count of rape and 10 years for the one count of kidnapping, for a total sentence of 20 years.[4] For the two counts of assault he was sentenced to serve 120 days concurrent with counts 1 and 2.[5] Triplett will also serve five years probation upon release,[6] and is a level 3 sex

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Jack Zouhary by non-document order dated January 26, 2015.

[2] ECF # 1.

[3] ECF # 6, Attachment 1 at 51.

[4] *Id*. at 52.

[5] *Id*. at 51.

[6] *Id*.

offender.[7] He is currently incarcerated at the Lebanon Correctional Institution in Lebanon, Ohio.[8]

Triplett raises One ground for habeas relief.[9] The State in its return of the writ contends that ground one is not cognizable and should be denied.[10] The state also argues that the legal issues can be resolved on the record without additional factual inquiry, therefore there is no need for an evidentiary hearing.[11] Triplett did not file a traverse.

For the reasons that follow, I will recommend Triplett's petition be dismissed.

**Facts**

**A.    Underlying facts, conviction, and sentence**

The facts that follow come from the decision of the appeals court.[12]

---

[7] *Id*. at 10.

[8] Ohio Department of Corrections www.drc.ohio.gov/offendersearch.

[9] ECF # 1.

[10] ECF # 6.

[11] *Id.* at 12.

[12]  ECF # 6, Attachment 1 at 87. Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

On May 21, 2012, a Stark County Grand Jury indicted Triplett on one count of rape, two counts of kidnapping, and one count of felonious assault.[13] The two counts of kidnapping contained a sexual motivation specification.[14]

The case proceeded to a three day jury trial.[15] During the evidentiary portion of the trial, evidence of the following was adduced.[16] On March 16, 2012, Jamie Triplett, Jr., and Jane Doe were at the home of Steven Moreland and Crystal Franklin playing cards.[17] Jane Doe left the home to make a phone call at a nearby gas station, and Triplett pursued her.[18] Triplett was angry and started calling her names and ripped her shirt.[19] In the ensuing struggled Triplett's gold chain was broken, and this angered him even more.[20] He blamed Doe and stated that he would kill her if she did not pay to have it fixed.[21] Triplett then forced

---

[13] *Id.* at 3.

[14] *Id.* at 4.

[15] *Id.* at 6-7.

[16] *Id.* at 86.

[17] *Id.* at 88.

[18] *Id.*

[19] *Id.*

[20] *Id.* at 89.

[21] *Id.*

her into his car and drove her to his father's truck lot.[22] There he chained Doe to a truck bumper and hit her.[23]

Thereafter, Triplett with Doe in the car, drove around the city of Canton, looking for his gold chain.[24] Doe tried to get out of the car at least one time, but Triplett restrained her.[25] Triplett then visited his friend Jack, and Doe tried to use Jack's phone.[26] Jack refused and pushed her out of his yard.[27] Triplett made a stop at a Speedway Station before finally taking her to his home.[28] Triplett told Doe he was going to hold her hostage until he got the money to fix his chain.[29]

The following day, Triplett held Doe down and raped her stating "whether you like it or not, I'm taking it."[30] Triplett held her hostage all day Saturday and Sunday.[31] On Sunday morning, he took Doe upstairs and raped her once more.[32]

---

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*

Monday morning Triplett told Doe he did not remember much from the weekend and apologized.[33] He then asked Doe not to turn him in to the police and not to tell on him.[34] She promised she wouldn't.[35] Triplett took Doe to the home of Patricia Eddy in Canton, and Doe promised to call Triplett later that day.[36] Eddy witnessed Doe get out of Triplett's car and walk into her home.[37] Once inside, Doe fell to the ground and started crying hysterically.[38] Eddy noticed multiple injuries covering Doe's body.[39] Doe thereafter told her friends, Amanda Tolley and Eddy, that Triplett had beaten, raped, and kept her in his house against her will.[40] Doe then told them that he had taken her cell phone battery.[41] Doe was afraid to call the police, but she did call her parents.[42]

Doe was then taken to Aultman Hospital and evaluated by Kimberly Heffner, a registered nurse trained as a sexual assault examiner.[43] Doe disclosed that Triplett had

---

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.* at 87.

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.*

assaulted her over his broken gold chain.[44] Doe further stated that Triplett had punched and choked her, and threatened her and her family.[45] Doe finally stated that he had raped her.[46]

Heffner noted Doe's multiple injuries to the neck, forehead, and torso.[47] She then took DNA samples from Doe's fingernail clippings and blood and saliva specimens from her vagina. A sexual assault kit was prepared from the DNA collected, and the hospital gave it to the Canton Police Department.[48] The police submitted the kit to Kylie Graham of the Stark County Crime Laboratory.[49] Graham examined the kit and found the presence of seminal fluid on the vaginal swabs.[50] She then compared the sperm with Triplett's DNA standard.[51] The results confirmed that the seminal fluid from the kit was Triplett's.[52]

Triplett was arrested a month after the incident and taken to the Stark County Jail.[53] He was placed in the general dormitory area, and there confided in fellow inmate, George

---

[44] *Id.*

[45] *Id* at 88.

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Id.* at 90.

Swogger.[54] Triplett freely told Swogger about the incident and how he forced Doe to have sex with him.[55] He also admitted to Swogger that he had beaten her up all over the city of Canton and went so far as to brag that he chained Doe to a truck bumper.[56]

At trial, Moreland and Franklin testified that Doe willingly left their home with Triplett on March 16, 2012.[57] They further testified that they had both seen Triplett and Doe the following morning at his father's truck business.[58]

Video evidence from the Speedway station where Triplet had stopped on his way home with Doe also showed no signs of a struggle or distress.[59] Finally, Robert Blymiller testified that Triplett and Doe had come to his home and nothing seemed wrong.[60] He stated that he and Triplett left the home to go to the store, leaving Doe alone with Mrs. Blymiller.[61]

Following the presentation of evidence, the jury returned a mixed verdict as follows: Guilty of counts one and two, rape and kidnapping, but not guilty of the sexual motivation specification; not guilty of count three, kidnapping; not guilty of felonious assault, but guilty

---

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Id.*

[58] *Id.*

[59] *Id.*

[60] *Id.*

[61] *Id.*

of assault.[62] The trial court sentenced Triplett to ten years on the kidnapping conviction, ten years for the rape conviction and 180 days on the assault conviction for an aggregated prison term of twenty years.[63]

**B.     Direct Appeal**

*1.     Ohio Court of Appeals*

Triplett, through counsel, filed a timely[64] notice of appeal[65] with the Ohio Court of Appeals. In his brief, Triplett filed three assignments of error:[66]

1. The trial court erred in permitting hearsay testimony under the excited utterance exception.

2. The trial court's finding of guilty of kidnapping, rape and assault was against the manifest weight of the evidence and was not supported by sufficient evidence.

3. The trial court erred by failing to merge appellant's convictions and sentences for kidnapping and rape when the convictions resulted from the same transaction.

---

[62] *Id*. at 91.

[63] *Id*.

[64] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). Triplett's conviction and sentence were journalized on October 10, 2012 (*id.* at11) and the notice of appeal was filed on November 2, 2012 ( *Id.* at 16).

[65] *Id.* at 16.

[66] *Id*. at 91.

The state filed a brief in response.[67] On July 15, 2013, The Ohio appeals court overruled all three assignments of error and affirmed the decision of the trial court.[68]

## 2. *The Supreme Court of Ohio*

Triplett, through new counsel, filed an untimely[69] notice of appeal with the Ohio Supreme Court[70] and a motion for leave to file a delayed appeal.[71] The Ohio Supreme Court granted the motion.[72] In his memorandum in support of jurisdiction, he raised the following proposition of law:[73]

> 1. An excited utterance exception to the hearsay rule does not apply when the testimony indicates that the declarant had been calmed down prior top making the statement and was no longer under the stress of the excitement cause by the event.

---

[67] *Id.* at 54.

[68] *Id.* at 86.

[69] *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case). Here, the appellate judgment was entered in July 15, 2013, and the notice of appeal filed in the Supreme Court on September 13, 2013. Therefore, this appeal was not timely.

[70] *Id.* at 110.

[71] *Id*. at 113.

[72] *Id*. at 140.

[73] *Id.* at 142.

On March 12, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4).[74]

## C.    Petition for writ of habeas corpus

On January 23, 2015, Triplett, through counsel, timely filed[75] a federal petition for habeas relief.[76] As noted above, he raises one ground for relief:

> GROUND ONE:    Proposition of Law I, an excited utterance, an exception to the heresy [*Sic*] rule does not apply when the testimony indicates that the declarant had been calmed down prior to making the statement and was no longer under the stress of excitement caused by the event.
>
> Supporting facts:    Jamie Triplett, Jr., was convicted by a jury of rape and kidnapping, and sentenced to consecutive 10 year sentences, for an aggregate total of 20 years. Both the State and defense presented plausible explanations for the physical injuries sustained by the victim in this case, as well as, evidence that the Appellant and victim either were or were not involved in a sexual relationship prior to the rape and kidnapping allegations. Appellant contends that the trial court erroneously permitted heresy [*Sic*] evidence to be presented through the testimony of Patricia, Eddy and Amanda Paxson, when clearly the testimony was heresy [*Sic*] for which no exception existed. The trial court and appellate court allowed the testimony under the excited utterance exception, even though the testimony indicates that these witnesses were no longer under stress and excitement necessary to meet the excited utterance exception. The admission of this

---

[74] *Id.* at 191.

[75]  The present petition for federal habeas relief was filed on January 23, 2015. ECF # 1. As such, it was filed within one year of the conclusion of Triplett's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[76] ECF # 1.

>                   testimony, related to details associated with the victim,
>                   deprived the Appellate of a fair trial.

## Analysis

**A.    Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.  There is no dispute that Triplett is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[77]

2.  There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[78]

3.  In addition, Triplett states,[79] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[80]

4.  Moreover, subject to the procedural default arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[81]

---

[77] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[78] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[79] *See*, ECF # 1 at 12.

[80] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[81] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

> 5. Finally, because Triplett is represented by counsel, he has not requested the appointment of counsel,[82] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[83]

**B.     Standards of review**

*1.     Noncognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[84] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[85] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[86]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[87] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness" of a trial.[88] Specifically, such violations are restricted to offenses

---

[82] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[83] 28 U.S.C. § 2254(e)(2).

[84] 28 U.S.C. § 2254(a).

[85] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[86] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[87] *Estelle*, 502 U.S. at 67-68.

[88] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[89]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[90] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[91] and may not second-guess a state court's interpretation of its own procedural rules.[92] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[93] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[94]

## 2. *AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[95] codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas

---

[89] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[90] *Id.*

[91] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[92] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[93] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[94] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[95] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

corpus.[96] Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[97]

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations,[98] and "difficult to meet,"[99] thus, preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[100]

*1.  "Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[101] In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[102] (1) in circumstances where

---

[96] *See* 28 U.S.C. § 2254 (2012).

[97] 28 U.S.C. § 2254(d) (2012).

[98] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[99] *Id.* (citation omitted).

[100] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[101] *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[102] *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[103] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[104] A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[105] The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[106] Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[107] When no such Supreme Court holding exists the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[108] Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's

---

[103] *Id.*

[104] *Id.*

[105] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

[106] *Id.*

[107] *See id.*

[108] *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

-15-

application was objectively unreasonable.[109] A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[110] To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[111] Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

*2.  "Unreasonable determination" of the facts.*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[112] Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[113] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[114] While such deference to state court determinations does not amount to an "abandonment or

---

[109] *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

[110] *Id.*

[111] *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

[112] *Brumfield*, 135 S.Ct. at 2277.

[113] 28 U.S.C. § 2254(e)(1) (2012).

[114] *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

abdication of judicial review"or "by definition preclude relief,"[115] it is indeed a difficult standard to meet. "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."[116]

**C.    Application of standard**

**1**.    *Ground One - should be dismissed as a non-cognizable state law issue, or denied on the merits because the state court decision is not contrary to the clearly established federal law of* **Crawford***.*

In his sole ground for habeas relief Triplett claims that the trial court in admitting "excited utterances" by two witnesses in exception to hearsay rule. His claim of error rests on his assertion that when the victim made the statement to the two witnesses that was then repeated in court, it had been three days since the crime and so the victim was no longer in a state of stress from a recent or immediate event such as would permit the "excited utterance" exception to apply.

As the state appeals court here found, Ohio courts recognize an "excited utterance" exception to the general rule against hearsay.[117] In addition, the Ohio appellate court

---

[115] *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[116] *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

[117] ECF # 6, Attachment at 92-93 (citing cases).

-17-

determined that under Ohio law there is "no per se amount of time between the [occurrence and the statement] after which a statement can no longer be considered an excited utterance."[118] Rather, the dispositive issue is whether the statement was made while the declarant was still under stress from the event and was not made as a result of reflective thought.[119] In that regard, the Ohio opinion in this case notes, as is stated in numerous Ohio case authorities, that the "fact that the statements were not contemporaneous with the event does not take it out of the excited utterance exception."[120] Morever, under Ohio law, the reviewing court must afford "wide discretion" to the trial court's determination that a declarant was still under the stress of an event at the time the statement in question was made.[121]

On this record, viewed in the light of the above authority, the Ohio appeals court in this case found that the excited utterance exception was established. In particular, the court found from the evidence that the victim at the time of the statements at issue was so "crying and hysterical that she could barely talk," and that she as still "visibly shaken and upset."[122]

---

[118] *Id.* (quoting *State v. Taylor*, 66 Ohio St.3d 295, 303 (1993)).

[119] *Id.*

[120] *Id.* (citations omitted).

[121] *Id.* (citation omitted).

[122] *Id.* at 94.

In addition, the court also noted that the victim/declarant testified at trial and was cross-examined on these statements.[123] Moreover, it finally concluded that even if admitting these statements was error, the error was harmless under the well-known *Chapman* test,[124] because the trial testimony of an examining nurse confirmed the physical details of the victim's account of what occurred in her kidnapping and sexual assault.[125] Therefore, the court concluded that there was no reasonable possibility that the hearsay testimony was needed to convict Triplett.[126]

Accordingly, inasmuch as Ground One is seen as a state law question concerning the admissibility of evidence, it is non-cognizable, since, as noted, the federal habeas court will consider a violation of state law only if that violation is sufficiently grave so as to violate fundamental fairness. Here, as is described in the Ohio appeals court opinion, a violation of fundamental fairness has not been established and so this ground should be dismissed as non-cognizable.

In addition, should Ground One be seen as a Constitutional argument implicating the Confrontation Clause,[127] the fact, as the Ohio appeals court directly noted, that the declarant

---

[123] *Id*.

[124] *United States v. Chapman,* 386 U.S. 18, 24 (1967).

[125] ECF # 6, Attachment at 94.

[126] *Id.*

[127] In that regard, I note specifically that Triplett framed this argument to the Ohio appeals court both as a question of state law under Ohio Rule of Evidence 803 and the "excited utterance" exception, as well as the Confrontation Clause of the United States Constitution. *Id.* at 30-31.

testified at trial and was actually cross-examined about these statements, precludes finding any violation of the Confrontation Clause.[128] Although the state appeals court decision did not discuss the clearly established federal law of *Crawford*, nor analyze this claim in light of the holding of that case, the Ohio decision nevertheless was not contrary to the holding in *Crawfor*d. Therefore, to the extent that Ground One states a claim arising under the Confrontation Clause, it should here be denied for the reasons stated.

## Conclusion

For the foregoing reasons, I recommend that the petition of James Triplett for a writ of habeas corpus be dismissed and/or denied as it is more fully set forth above.


Dated: April 18, 2016                                 s/ William H. Baughman, Jr.
                                                      United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[129]

---

[128] *Crawford v. Washington,* 541 U.S. 36 (2004).

[129] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).